Lenard E. Schwartzer, Esq.. NV Bar No. 0399
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-mail: bkfilings@s-mlaw.com

*Attorneys for Alleged Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. 18-15705-BTB |
|---|---|
| HOWARD MISLE | Involuntary Chapter 7 |
| Alleged Debtor. | NOTICE OF APPEAL |

**NOTICE IS HEREBY GIVEN** that Howard Misle, by and through his counsel, appeals under 28 U.S.C.§ 158(a), and Federal Rule of Bankruptcy Procedure 8001, from the following order:

**ORDER DENYING MOTION FOR DISMISSAL OF INVOLUNTARY CASE** [ECF 57] entered by the Bankruptcy Court in the above-captioned involuntary Chapter 7 case on January 2, 2019, a copy of which is attached as **Exhibit "A."**

The names of all parties to the Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

**APPELLANT:**

**HOWARD MISLE**

Lenard E. Schwartzer, Esq.
SCHWARTZER & MCPHERSON LAW FIRM
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Telephone: (702) 228-7590
E-mail: bkfilings@s-mlaw.com

1

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**APPELLEES:**

**CASS, INC., NICO ALLOYS, INC., CHAL SUPRIZIO, DENYSE MACMILLAN and LARRY LEVINE** (Petitioning Creditors)

Michael Smith, Esq.
Heidi M. Cheng, Esq.
Law Offices of Langley and Chang
4158 Fourteenth Street
Riverside, CA 92501
Telephone: (951) 383-3388
E-mail: heidi@langleylegal.com

Andrew R. Muehlbauer, Esq.
7915 W Sahara Avenue, Suite 104
Las Vegas, NV 89117
Telephone: 702 330-4505
E-mail: Andrew@mlolegal.com

**RUBIN JURMAN** (Creditor)

Perry J. Woodward, Esq.
Monique D. Jewett-Brewster, Esq.
HOPKINS & CARLEY
The Letitia Building
70 S First Street
San Jose, CA 95113-2406
Telephone: (408) 286-9800
E-mail: mjb@hopkinscarley.com

**STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

DATED: January 14, 2019

/s/ Lenard E. Schwartzer
Lenard E. Schwartzer, Esq.
SCHWARTZER & MCPHERSON LAW FIRM
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Las Vegas, Nevada 89101
*Counsel for Howard Misle*

# EXHIBIT "A"

_Bruce T Beesley_
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
January 02, 2019

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | ) Case No.: 18-15705-btb |
| | ) |
| HOWARD MISLE, | ) Chapter 7 Involuntary |
| | ) |
| Alleged Debtor. | ) |
| | ) |
| | ) Date: December 17, 2018 |
| | ) Time: 1:30 p.m. |

**ORDER DENYING MOTION FOR DISMISSAL OF INVOLUNTARY CASE[1]**

On September 24, 2018, an involuntary chapter 7 petition was filed against Howard Misle ("Alleged Debtor"). (ECF No. 1). On November 2, 2018, the Alleged Debtor was served with the summons. (ECF No. 30). On November 14, 2018, the Alleged Debtor filed a Motion for Dismissal of Involuntary Case (ECF No. 31) ("Motion to Dismiss") seeking dismissal of this involuntary chapter 7 under Section 707(a) because of his involvement in marijuana-related businesses which are illegal under federal law but presumably legal under Nevada law.[2] The court heard the matter on December 17, 2018, and, at the insistence of the Alleged Debtor's counsel, writes this Order to further clarify its decision at the conclusion of the hearing to deny

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in this bankruptcy case as they appear on the bankruptcy docket maintained by the Clerk of Court. All references to "Section" shall be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless otherwise indicated.

[2] Recreational marijuana is legal under Nevada law, though the court makes no finding of fact or conclusion of law regarding the legality of Debtors' marijuana-related business interests.

1  the Motion to Dismiss. In reaching this conclusion, the court has reviewed and considered all
2  pleadings and exhibits filed in support of and against the Motion to Dismiss. (ECF Nos. 31-32,
3  37-39, 41, 44, 52-53).[3] The court has also reviewed and considered all legal authority cited in
4  the pleadings and uncovered during the court's independent research into this novel issue. *See*
5  Olson v. Van Meter (In re Olson), 2018 WL 989263, at *5 (B.A.P. 9th Cir. Feb. 5, 2018) ("The
6  case law addressing facts such as those presented here is sparse, and there is no controlling
7  authority in the Ninth Circuit.").[4]

8  Section 707(a) states that "[t]he court may dismiss a case under this chapter only after
9  notice and a hearing and only for cause …." The Alleged Debtor contends that "cause" exists
10 because his only source of income comes from Abram Texas Management, LLC … which
11 manages marijuana grow facilities in Nye County, Nevada." (ECF No. 53, ¶ 2). He also submits
12 that he "own[s] a beneficial interest in a twenty-five percent (25%) membership interest in and I
13 am the manager of a company which owns a license to cultivate marijuana in Nye County,
14 Nevada." (ECF No. 53, ¶ 4).[5] The Alleged Debtor therefore contends that "cause" exists under

---

[3] On December 5, 2018, the petitioning creditors filed a motion seeking to strike the Alleged Debtor's initial declaration and the exhibits attached to the Motion to Dismiss. (ECF No. 47). However, this motion was noticed for hearing on January 3, 2019, and at the December 17 hearing, the petitioning creditors did not address the motion to strike or otherwise ask the court to strike any of the Alleged Debtor's exhibits or declarations. For all these reasons, and in light of this Order, the court deems the motion to strike as moot and hereby vacates the January 3, 2019, hearing on the same. For the avoidance of doubt, the court has reviewed and considered the materials the petitioning creditors sought to strike.

[4] On December 3, 2018, however, the Ninth Circuit Court of Appeals heard oral argument in Garvin v. Cook Investments NW, SPNWY, LLC, Case No. 18-35119, involving the U.S. Trustee's appeal of a confirmed plan which, although funded by non-marijuana income, involved a debtor who previously rejected a lease with a marijuana-related business entity. *See* Garvin v. Cook Investments NW, SPNWY, LLC (In re Cook Investments NW, SPNWY, LLC), 2018 WL 1470848 (W.D. Wash. March 26, 2018). The Ninth Circuit has not yet issued a ruling.

[5] The Alleged Debtor's 50% interest in Cornerstone Nevada, LLC, a non-marijuana related entity that his counsel described as having substantial assets, was also discussed at the hearing. Petitioning creditors also directed the court's attention during the hearing to portions of the Alleged Debtor's deposition transcript in which he testified as to his sale of, and potential interest in, other substantial non-marijuana related assets only a few years prior to the filing of this involuntary chapter 7.

2

Section 707(a) because, in pertinent part, a chapter 7 trustee will not be able to administer his non-exempt marijuana assets. The Alleged Debtor further argues that if the case is converted to chapter 11, he will not be able to confirm a plan funded by his marijuana-related income.

In support of his position, the Alleged Debtor relies on a letter ("UST Letter") and a memo ("UST Memo") from the Executive Office for United States Trustees attached as exhibits to his Motion to Dismiss. (ECF No. 31, Exhs. A-B). Yet, as counsel conceded at the hearing, the U.S. Trustee's position is not statutory authority or otherwise binding on this court, which is the entity tasked with the responsibility of interpreting these difficult issues. And although the court finds the UST Letter and the UST Memo to be persuasive, it does not interpret either as suggesting the imposition of a per se rule mandating dismissal of all bankruptcy cases in which marijuana assets may be involved.[6]

Specifically, the UST Letter states that "[o]ur goal is to ensure that trustees are not placed in the untenable position of violating federal law by liquidating, receiving proceeds from, or in any way administering marijuana assets." The UST Memo similarly states that "bankruptcy trustees and other estate fiduciaries should not be required to administer assets if doing so would cause them to violate federal criminal law." The court agrees with these statements, but this agreement does not signal the automatic death knell of all cases in which marijuana is involved.[7] See In re Olson, 2018 WL 989263, at *7 ("Although debtors connected to marijuana distribution cannot expect to violate federal law in their bankruptcy case, the presence of marijuana near the

---

[6] Indeed, such a per se rule would be difficult to apply in practice. As previously noted, recreational marijuana is legal in Nevada, and trustees in this district have presumably administered cases in which individual debtors possessed and/or used marijuana during the bankruptcy case. In such circumstances, is the court required to dismiss every individual bankruptcy case upon the debtor's admission that he or she possesses and/or uses marijuana for personal use? That is the natural progression of the Alleged Debtor's proposed per se rule and would only serve to invite abuse by opportunistic debtors who could simply use this mandatory "get out of bankruptcy" card at any time they see fit.

[7] Indeed, the United States Bankruptcy Appellate Panel of the Ninth Circuit previously reversed this court because they, in essence, found that the court applied a per se rule under analogous circumstances, instead of making detailed findings of fact and conclusions of law. See Olson v. Van Meter (In re Olson), 2018 WL 989263 (B.A.P. 9th Cir. Feb. 5, 2018).

3

1 case should not cause mandatory dismissal.") (Tighe, J., concurring); Arenas v. U.S. Trustee (In
2 re Arenas), 535 B.R. 845, 852 (B.A.P. 10th Cir. 2015) (in a case cited by the Alleged Debtor, the
3 court rejected the debtor-appellant's argument that the bankruptcy court applied a per se rule in
4 denying confirmation of a chapter 13 plan in which the debtors leased space to marijuana-related
5 businesses).

6       Indeed, although not discussed at the hearing, the court's independent research reflects
7 that marijuana-related assets are arguably excluded from property of the estate, thereby
8 potentially eliminating the concerns expressed in the UST Letter and the UST Memo.
9 Specifically, "[c]riminal forfeiture operates *in personam* against a defendant to divest him of his
10 title to proceeds from his unlawful activity as a consequence of his criminal conviction." U.S. v.
11 Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007) (emphasis in original).[8] Under 21 U.S.C. §
12 853(c)[9], title to property subject to criminal forfeiture "vests in the United States upon the
13 commission of the act giving rise to forfeiture under this section." Consequently, at the time a
14 debtor with marijuana-related income or assets files bankruptcy, such assets are arguably
15 automatically excluded from property of the estate under 21 U.S.C. § 853(c). See U.S. v. French,
16 822 F. Supp. 2d 615, 619 (E.D. Va. 2011) ("[B]y operation of the 'relation back' doctrine [and
17 21 U.S.C. § 853(c)], French's forfeited property vested in the United States at the time of his
18 criminal acts, *i.e.* in 2005—six years prior to the creation of the bankruptcy estate. Upon her
19 appointment, the Trustee merely stands in the shoes of the debtor as a bona fide purchaser.
20 Because French lacked an ownership interest in the forfeited property at the creation of his
21 bankruptcy estate, the Trustee also lacks an ownership interest and thus, lacks standing to

---

[8] "Criminal forfeiture actions are excepted from the automatic stay under the plain language of § 362(b)(1) which specifically excepts criminal proceedings 'against the debtor.'" State of Ariz. v. Rodriguez (In re Rodriguez), 2008 WL 8448043, at *3 (B.A.P. 9th Cir. July 10, 2008).

[9] This section is part of the Controlled Substances Act discussed in the cases cited by the parties that makes it a crime to, in pertinent part, participate in the growth or sale of marijuana.

4

1  challenge the forfeiture order.").[10]

2      Additionally, the only case cited by the parties or otherwise found by the court involving the dismissal of an involuntary chapter 7 is distinguishable, in pertinent part, because the U.S. Trustee participated in the dismissal hearing before that court and "was not convinced that [the alleged debtor] had any legal, non-marijuana assets that a trustee could lawfully administer." In re Medpoint Mgmt., LLC, 528 B.R. 178, 184 (Bankr. D. Ariz. 2015), vacated in part on other grounds, Medpoint Mgmt, LLC v. Jensen (In re Medpoint Mgmt., LLC, 2016 WL 3251581 (B.A.P. 9th Cir. June 3, 2016). In this case, the Alleged Debtor concedes that he has a 50% interest in a non-marijuana entity that holds substantial assets,[11] his deposition testimony reflects his potential interest in other substantial non-marijuana assets only years prior to the filing of this involuntary petition, and the court has not had the benefit of the U.S. Trustee's position in this case. Accordingly, it is premature for this court and the Alleged Debtor to presume the U.S. Trustee will seek dismissal under the UST Letter, the UST Memo, or the caselaw before the U.S. Trustee has even made an appearance. See In re Rent-Rite Super Kegs. West Ltd., 484 B.R. 799, 810-811 (Bankr. D. Colo. 2012) (although the court found cause to dismiss or convert a voluntary chapter 11 under Section 1112, the court scheduled a further hearing to discuss, in pertinent part, whether sufficient non-marijuana assets could be distributed in a chapter 7 if the court converted the case).

    Counsel for the Alleged Debtor further argued at the hearing that the Alleged Debtor will not be able to confirm a chapter 11 plan funded by his marijuana-related income. In this respect, the UST Memo states that "the bankruptcy system may not be used as an instrument in the

---

[10] The court is not making a conclusion of law that such is the case but is merely pointing out that the issue is not as clear cut as the Alleged Debtor would have the court believe, thereby further undercutting the imposition of a per se rule.

[11] The Alleged Debtor's counsel argued at the hearing that this asset will likely provide no benefit to creditors because it is managed by the Alleged Debtor's ex-wife, who may never make a distribution to the Alleged Debtor. See In re McKay, 2013 WL 66263 (Bankr. D. Idaho Jan 4, 2013) ("[A]rguments and statements of counsel are not evidence.") (quotations and citations omitted). The Alleged Debtor did not support this argument with a declaration made under penalty of perjury, and the Alleged Debtor has not yet been subjected to a Section 341 meeting to fully vet this representation.

1  ongoing commission of a crime and reorganization plans that permit or require continued illegal
2  activity may not be confirmed." Again, the court agrees with this statement but again does not
3  believe that such agreement requires a mandatory death knell of all cases involving marijuana
4  assets. *See* In re Arm Ventures, LLC, 564 B.R. 77 (Bankr. S.D. Fla. 2017) (denying
5  confirmation of a proposed chapter 11 plan funded with marijuana-related income but giving the
6  debtor the opportunity to propose a plan funded with non-marijuana income); In re McGinnis,
7  453 B.R. 770 (Bankr. D. Or. 2011) (same in the context of a chapter 13). Additionally, accepting
8  the Alleged Debtor's argument would require this court to give an impermissible advisory
9  opinion that assumes the court will convert the case to chapter 11 for an Alleged Debtor who
10 adamantly contends that he will not be able to confirm a plan, and presumably has no desire to
11 do so. *See* Marrama v. Citizens Bank of Mass., 549 U.S. 365 (2007).
12        For all these reasons,
13        **IT IS THEREFORE ORDERED** that the Alleged Debtor's Motion to Dismiss is
14 denied. The Alleged Debtor shall file his answer to the involuntary petition within fourteen (14)
15 calendar days after entry of this order, absent which the court will enter an order for relief
16 pursuant to Section 303(h).
17        **IT IS SO ORDERED.**
18 Copies sent to all parties via CM/ECF ELECTRONIC FILING.
19                                        ###